

Villanova University School of Law

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# USA v. Coffey

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Coffey" (2005). *2005 Decisions*. Paper 895.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/895

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 03-3128

———

UNITED STATES OF AMERICA

v.

TRAVIS COFFEY,
                              Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00457-11)
District Judge:  Hon. James T. Giles

———

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2004
Resubmitted Under Third Circuit LAR 34.1(a)
February 16, 2005

Before:  SLOVITER, BARRY and WEIS, Circuit Judges

(Filed: July 7, 2005)

———

OPINION OF THE COURT

———

1

SLOVITER, Circuit Judge.

Appellant Travis Coffey was found guilty, following a jury trial, of conspiracy to distribute over 50 grams of cocaine base ("crack") within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 860, and 846 (Count 1), carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 9), and two counts of possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts 15 and 20). The District Court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction to review this matter under 28 U.S.C. § 1291, and jurisdiction to review the sentence imposed on Coffey under 18 U.S.C. § 3742.

## I.

Coffey was a member of the "Do or Die" ("D.O.D.") narcotics group, a violent narcotics organization led by Daniel Coach, Jr. The organization, which operated from early 1992 through May 28, 2001, consisted of numerous members who manufactured and distributed crack cocaine in North Philadelphia. The D.O.D. was responsible for distributing in excess of 250 kilograms of crack cocaine, and had gross revenues exceeding $20,000,000.

During this conspiracy, the D.O.D. stored, manufactured, prepared and distributed crack cocaine from or near buildings owned or controlled by some of the managers, including Coffey. It operated through an established hierarchy. At the top of the D.O.D.

were the "Owners," principally Daniel Coach, Jr. Other members, including Coffey, shared partial ownership of the organization during the conspiracy. Below the owners were the "Managers," who were each responsible for the overall management of one of the properties used by the D.O.D. to distribute crack cocaine. The "Enforcers" were responsible for protecting the distribution corners, and carried firearms while providing security. "Caseworkers" were responsible for delivering bundles of crack to the sellers at the distribution properties and returning the cash to a Manager or to Coach. The "Packagers" were responsible for placing the crack cocaine into the $3 bags or vials. "Sellers" conducted the transactions. Finally, "Lookouts" alerted other members to the presence of police, rival drug dealers, or other threats.

The organization sold crack cocaine from various locations in North Philadelphia year round. In aggregate, they sold between $3,000 to $4,000 and $10,000 to $12,000 per day. On average, the organization sold approximately nine to ten kilograms of crack cocaine per month from 1992 to 2001. Two locations used for the sale of this crack cocaine are located within 1,000 feet of a school zone.

Coffey served as an enforcer for the D.O.D. organization at various time periods throughout the life of the conspiracy and at different locations used by the D.O.D. until May of 1999. In this role, Coffey guarded the locations and street corners where the organization stored and processed cocaine into crack cocaine as well as distributed it to customers. Coffey was also identified as the co-owner of the D.O.D.'s operation located

3

at 19th and Somerset.

Coffey, as an enforcer, routinely carried firearms to protect the business. During the conspiracy, Coffey was involved in the 1995 shooting of rival drug dealers at 20th and Susquehanna, Park Avenue and York Street, and 7th and Montgomery Avenue; the February 17, 1997 shooting of Raymond Moore and Jerry Shorter; and the May 20, 1998 shooting of Brian Kee at Warnock and Cambria Streets. Coffey owned a house near 9th and Wyoming Streets where the D.O.D. organization stored drugs, drug proceeds, firearms, and bagged crack cocaine for distribution.

On August 8, 2001, a grand jury in the Eastern District of Pennsylvania returned a 16-count indictment charging 12 defendants, including Coffey, with conspiracy to distribute cocaine base and other offenses. Coffey was charged in the four counts noted above. Eight of the defendants pled guilty and were cooperating with the prosecution when jury selection began. Four days before opening statements were scheduled, Coach, one of the remaining defendants, pled guilty and cooperated with the prosecution. The jury returned a verdict of guilty on all charges against the three remaining defendants. The District Court imposed a sentence on Coffey of 42 years imprisonment, concurrent terms of 37 years imprisonment for the drug-related offenses covered by Counts 1, 15, and 20, and a consecutive five-year sentence on the possession of a firearm during a drug-related offense covered by Count 9. The court also imposed a lifetime term of supervised release, a $3,500 fine, and a special assessment of $400.

After filing a timely appeal, defense counsel filed a motion to withdraw as counsel and a brief in support of that motion pursuant to Anders v. California, 386 U.S. 738, 744 (1967). Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. Id. at 741-42, 744. To satisfy the Anders requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000) (citing United States v. Tabb, 125 F.3d 583, 585-86 (7th Cir. 1997)). We have stated that:

> The Court's inquiry when counsel submits an Anders brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues.

United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Appellant Coffey has been notified that he can file a pro se brief, and he has done so in this case, along with a motion for appointment of new counsel. We exercise plenary review of the court record to determine whether an appeal is wholly frivolous. Penson v. Ohio, 488 U.S. 75, 80 (1988).

5

## II.

Coffey's attorney has fulfilled his duty under <u>Anders</u>. The appeal was timely, there is a certificate of service, and the requirements of Local Appellate Rule 109.2 have been satisfied. The <u>Anders</u> brief references numerous portions of the trial testimony that show that any appeals on the merits would be frivolous.

As counsel has correctly stated, the evidence against Coffey was "stupendously overwhelming." Appellant's Brief at 13. Most of the evidence against Coffey came from his co-conspirators, including Coach who owned and ran the organization, who testified for the prosecution. The following is just a sample of the incriminating testimony given at trial.

Anthony Martinez testified that he saw and heard Coffey shoot Brian Kee in the leg and tell him "Smoke[, Coach,] wants you to give that shit up," on May 20, 1998, App. at 50a-51a; and that Coffey sold drugs at 19th and Somerset from 1996 to 1999, App. at 54a.

Vincent Jones testified that the D.O.D. stored guns, drugs, and money at Coffey's house at 9th and Wyoming Streets, App. at 57a; and that he witnessed transfers of large quantities of crack cocaine from Coach to Coffey, App. at 58a.

William Rodriguez testified that he bagged crack cocaine at Coffey's house for about two months in 1995, App. at 59a-60a; that he witnessed Coffey, among others, leaving the house at 3115 Hutchinson Street for a shooting expedition and Coffey

6

returning after having been shot in the arm, App. at 61a-63a, referring to the shooting on February 17, 1997; that he was present when Coffey shot Kee and that he heard Coffey say, "you're going to have to give that shit up," App. at 64a-65a, referring to the drug operation at the corner of Warnock and Cambria; and that he observed Coffey managing the drug distribution property at 19th and Somerset and counting money at his house at 9th and Wyoming. App. at 67a-68a.

Troy Anderson testified that Coffey was an enforcer in the D.O.D organization and also ran the drug corner at 19th and Somerset, App. at 70a-71a; that he saw Coffey receive crack cocaine from Coach at least seven times, App. at 72a, which was then sold at the 19th and Somerset location, App. at 73a; and that he saw guns, crack cocaine, and the bagging of crack cocaine at Coffey's house at 9th and Wyoming, App. at 74a.

William Smith gave substantially similar testimony regarding the illegal guns and drugs at Coffey's house. App. at 74a. Smith testified that the crack bagged there was transferred to 19th and Somerset for sale. App. at 75a. Smith knew that Coffey ran the drug operation at 19th and Somerset and that Coffey had participated in the shooting at 20th and Susquehanna, App. at 76a-77a, and that Coach told him that Coach was "in cahoots" with Coffey's operation at 19th and Somerset. App. at 78a.

Kyhree Junius and Clifton Junius testified that Coffey sold drugs at 19th and Somerset and stored drugs, guns, and money at his house. App. at 79a-84a.

Officer Fredericksdorf testified that he found 33 packets of crack cocaine in

7

Coffey's pocket when Coffey was arrested on December 12, 2000. App. at 85a.

Coach testified that he and Coffey took part in the shooting of rival drug dealers at 13th and Somerset on February 19, 1997, App. at 91a; that he and Coffey sold crack cocaine at 19th and Somerset from 1993 to 1996, App. at 92a; that for six months in 1999, he and Coffey and Coach were partners in the sales of crack cocaine at 19th and Somerset, App. at 92a; and that he sold crack cocaine to Coffey from 1994 to 1997 and that he lived with Coffey for two years during the conspiracy, App. at 94a-95a.

Finally, Kenyatta Muhammad testified that Coffey controlled the corner at 19th and Somerset and sold crack cocaine there, App. at 96a; that he saw Coffey shoot Kee, App. at 97a; and that the drug organization was selling $12,000 a day worth of drugs at Warnock and Cambria, App. at 98a.

In the face of the evidence outlined above, any appeal on the merits of the case would be frivolous, particularly as the witnesses gave substantially similar testimony about the same events. Moreover, the physical evidence of crack cocaine found in Coffey's possession at the time of at least one of his arrests corroborates the testimony. Therefore, Coffey's attorney did not err in arguing that there were no non-frivolous grounds on which to appeal the conviction.

## III.

As noted, Coffey was sentenced to a total term of forty-two years imprisonment to be followed by supervised release for a term of life. The District Court further imposed a

8

fine and a special assessment.  Thereafter, the United States Supreme Court issued its opinion in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), where it applied the rule announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), holding that under the Sixth Amendment the jury must decide beyond a reasonable doubt any fact that is used to enhance a defendant's sentence beyond the statutory maximum.  In <u>Blakely</u>, the Court applied the <u>Apprendi</u> rule to a state's sentencing guidelines.  Less than a year later, it issued its decision in <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005), where the Court held, <u>inter alia</u>, that the United States Sentencing Guidelines were no longer to be considered mandatory but were discretionary.

None of those decisions affects the five year sentence imposed on Coffey for his conviction on Count 9, possession of a firearm during and in relation to a drug trafficking offense, because the statutory minimum punishment for that offense is five years under 18 U.S.C. § 924(c)(1)(A)(i).  On the other hand, our review of the record in this case shows that the District Court set Coffey's sentence at least in part on the Sentencing Guidelines, apparently applying them as mandatory.  If so, the sentencing would violate <u>Booker</u>.  This court has concluded that sentencing issues such as those presented here are best determined by the District Court in the first instance.  <u>United States v. Davis</u>, 407 U.S. 162 (3d Cir. 2005) (en banc).

For the reasons set forth we will affirm the District Court's judgment of conviction and remand to the District Court for its determination of the sentence in light of <u>Booker</u>.

## IV.

For the reasons set forth, we will affirm the District Court's judgment of conviction but will vacate the sentence and remand for resentencing pursuant to Booker.

_____